FIRST NATIONAL BANK OF SUTTON, APPELLEE, V. JOHANNA GROSSHANS ET AL., APPELLANTS.

FILED MARCH 20, 1901. No. 11,618.

1. **Appeal in Equity:** REVERSAL: TRIAL DE NOVO: RES ADJUDICATA. Where, on an appeal in an action in equity, the decree rendered is reversed and remanded for want of sufficient evidence to sustain it, and on a second trial *de novo* additional and material evidence is introduced and an appeal again taken, the second appeal is to be considered on the record then presented, uninfluenced by the prior decision on the question of the sufficiency of the evidence.

2. **Plea of Fraud:** CONCLUSION. An allegation in an answer "that if any such deed as is described in plaintiff's petition is in existence and executed by her as grantor therein, or one of the grantors, that such execution was obtained by fraud, either by the plaintiff, the said M. L. Luebben or some person in their interest," *held* to be pleading a conclusion only, and that the facts relied on to constitute fraud, to be available, must be specifically pleaded and proven.

3. **Finding of Fact:** SUFFICIENT EVIDENCE. A finding of fact by the trial court will not, on appeal, be disturbed, unless unsupported by sufficient competent evidence.

4. ——: ——. Evidence examined, and *held* to support the findings and decree rendered by the trial court.

5. **Party:** COMPLAINT: PREJUDICE. A party who is not prejudiced by the ruling complained of has no legal ground of complaint.

6. **National Bank:** REAL ESTATE SECURITY: BORROWER CAN NOT BE HEARD TO PLEAD U. S. STATUTE PROHIBITING SUCH SECURITY. A party who has secured a loan from a national bank, and given real estate security therefor, can not be heard to deny the right of the bank to enforce the provisions of the mortgage because of the section of the United States statutes prohibiting the taking of real estate security for a loan negotiated by a national bank.

7. **Real Estate Security:** CONTEMPORANEOUS LOAN: ENFORCEMENT. Where security on real estate has been taken by a national bank on a contemporaneous loan, the same may be enforced, notwithstanding the provisions of the United States statute prohibiting that character of security.

8. **Plea in Abatement:** PENDING ACTION: ABEYANCE BY STIPULATION. Where a suit is begun, and prior suits in another county are pending on the same cause of action, and the parties stipulate that the prior suits shall rest in abeyance during the pendency and until the final disposition of the suit last begun, and that thereupon the same judgment and decree shall be rendered as is rendered in the action tried, such stipulation *held* to be a waiver of any right to file a plea in abatement because of the pendency of the prior actions.

APPEAL from the district court for Clay county. Heard below before STUBBS, J. *Affirmed.*

*Thomas Ryan* and *L. P. Crouch,* for appellants.

*Thomas H. Matters, contra.*

HOLCOMB, J.

The appellee, as plaintiff, began an action in equity in the district court for Clay county, the object and purpose of which were to foreclose a lien which it claimed upon certain property, a portion of which is situate in the county in which the action was brought and a portion in the adjoining counties of York and Hamilton. Such lien arose by virtue of a quitclaim deed, alleged to have been executed by appellants Grosshans, conveying the interest of Johanna Grosshans, the wife of William Grosshans, in the real estate of her deceased father. It

is alleged that the instrument was executed for the purpose of securing the payment of a note of $800, given by the Grosshans to one Peter Griess, and by him discounted with the plaintiff bank. The action has once before been tried in the district court, and from the decree finding in favor of the plaintiff and directing a sale of the interest of the grantor in the real estate mentioned for the satisfaction of the debt found due, an appeal was taken to this court, and the decree thus rendered was reversed for want of sufficient evidence to support the same. *First Nat. Bank of Sutton v. Grosshans,* 54 Nebr., 773. A statement of the case is found in the opinion, in which it is observed by HARRISON, C. J., writing the same: "A careful examination of the evidence convinces us that it is wholly insufficient to sustain the finding to the extent it involves and applies to Johanna Grosshans, that she executed the deed as a mortgage to aid in the negotiation or sale of the note to the bank, or to secure the payment of the note to Peter Griess, or to establish that the deed was executed by her as or for other than was disclosed by its face." The case was remanded, and after another trial *de novo,* in which was introduced additional testimony, the trial court again found in favor of the plaintiff upon the issues joined, and entered a decree of foreclosure in conformity with the prayer in the petition. An appeal is again prosecuted in this court.

It is urged by the appellants that the opinion on the first appeal is decisive of the question, and that the decree should again be reversed. This contention would probably be correct if the testimony in both cases were the same. While we are not now advised as to the state of the evidence upon which the first appeal was reviewed, we find from an inspection of the present record that a great deal of additional and material evidence was introduced on the second hearing, and because thereof, we are to consider the present appeal upon the record now before us, uninfluenced by the prior decision.

It is said in the second paragraph of the syllabus in

41

*Missouri P. R. Co. v. Fox*, 60 Nebr., 531: "In such cases, the decision as to the sufficiency of testimony on a particular feature of the case, as disclosed by the record on the first trial, is not binding in a subsequent trial where the testimony is, or may be presumed to be, materially different, in the investigation of which a reviewing court is to be controlled by the record then before it, uninfluenced by such prior decision." The rule announced in the *Fox Case* is but following that stated in *Hiatt v. Brooks*, 17 Nebr., 33. It is quite apparent, upon a reading of the opinion on the first appeal, that while the evidence was deemed insufficient to support the finding of the trial court, the decree was reversed and the case remanded for the purpose of permitting the plaintiff to supply the deficiency in the evidence, if able to procure the same, and we are now to determine whether this has been done under the evidence as presented on the second trial.

By its petition the plaintiff's right to the relief prayed for is based upon substantially the following allegations: That appellants Grosshans were indebted to one Peter Griess in the sum of $800, evidenced by their promissory note in his favor; that the payee, desiring to discount the note with the appellee bank, the same was effectuated by the payee guaranteeing its payment, and the payors executing a quitclaim deed to the interest of Johanna Grosshans in her deceased father's real estate described therein, which, while the form was that of a deed of conveyance, was in fact intended to be and was taken as security for the note mentioned; whereupon, and in consideration of which, the note was discounted with the appellee bank, who paid to the payee the proceeds arising therefrom; default in the payment of the note with prayer for equitable relief.

In answer to the petition, as we construe it, the appellant, Johanna Grosshans, pleaded a defect of parties, and a misjoinder of causes of action; an admission that she signed the note, alleging that it was as surety only; a denial of some of the formal allegations of the petition,

First Nat. Bank of Sutton v. Grosshans.

and an admission as to others; also, alleging the pendency of prior suits involving the same subject matter. As to the allegation of the execution and delivery of the quitclaim deed pleaded in the petition, the ninth paragraph of the answer is as follows: "This defendant alleges that the deed described in the petition she never heard of, and had no knowledge of its existence until this suit was commenced; that she has not to this day ever seen it; that she has never knowingly nor intentionally nor voluntarily signed said deed, that she never acknowledged the execution of it in the presence of any officer authorized by law to take the acknowledgment of deed; and that she never executed it in the presence of any such officer; that if any such deed as is described in plaintiff's petition is in existence and executed by her as grantor therein or one of the grantors that such execution was obtained by fraud, either by the plaintiff the said M. L. Luebben or some person in their interest." We conceive the legal effect of this paragraph of the answer to be a substantial admission of the execution of the instrument referred to, leaving no issue with respect thereto, unless raised by the statement in the latter part thereof with reference to the conveyance being procured by fraud. *Dinsmore & Co. v. Stimbert*, 12 Nebr., 433. *State v. Hill*, 47 Nebr., 456. The allegation that if the deed is in existence, its execution was obtained by fraud, either by the plaintiff or by some other person, is too general to be construed as an allegation of fact upon which fraud may be predicated, and is only a conclusion, upon which no finding of the procurement of the execution of the instrument to have been by fraud could be based; hence, the statement must be disregarded under the well-known rule that facts relied on to constitute fraud, to be available, must be specifically pleaded and proven. *Arnold v. Baker*, 6 Nebr., 134; *Aultman v. Steinan*, 8 Nebr., 109, 113; *Hamilton v. Ross*, 23 Nebr., 630; *Tepoel v. Saunders County Nat. Bank*, 24 Nebr., 815; *Kansas & C. P. R. Co. v. Fitzgerald*, 33 Nebr., 137; *Crosby v.*

*Ritchey,* 47 Nebr., 924. The appellant, Mrs. Grosshans, admits the signature to the quitclaim deed to be hers, but denies that she thereby intended to pledge her separate estate for the payment of the note. If the deed was executed and delivered for any purpose, no other construction can be put on the acts of the parties under the evidence, than that it was for the purpose of securing the debt as alleged by the plaintiff.

The evidence, as adduced on the trial, tends to prove that the Grosshans were indebted to the bank in the sum of $1,590, upon which the Peter Griess mentioned was liable as surety; that to indemnify the surety there was a transfer of certain property owned by the Grosshans in the city of Harvard, and occupied by them as a homestead; that on this homestead was procured a loan of $1,000, the proceeds of which, or some portion thereof, were applied to the reduction of the $1,590 indebtedness, the transaction when completed leaving a claim to the amount involved in this controversy yet due. As evidence of this indebtedness, a new note for that amount by the Grosshans was executed with Griess as surety, and as further security the appellant, Johanna Grosshans, executed in Griess's favor what was termed a release of her interest in the estate of her father, who was then deceased. The release, while informal, appears to have been executed as security to Griess because of his liability for the indebtedness of Grosshans. As a part of the same transaction, Griess reconveyed the homestead to Johanna Grosshans, which had before been held as security by him. After these arrangements had continued for about a year, the transactions forming the basis of this action were entered into, a new note being given to Griess, discounted to the bank, and the formal quitclaim deed executed by the Grosshans and Peter Griess and wife for the interest in the estate, as before mentioned. While the evidence is not entirely satisfactory as to the object and purpose for which the quitclaim deed was executed, we are disposed to the view

that it is sufficient to sustain the finding and decree of the trial court, this being the second trial resulting in the same finding. The trial court having the advantage of hearing the witnesses testify, noting their demeanor and other circumstances affecting their credibility, is in a favorable position to make proper deductions from the evidence, and unless the finding is unsupported by sufficient competent evidence, it will not be disturbed on appeal. *Zarrs v. Keck,* 40 Nebr., 456; *Davidson v. Crosby,* 49 Nebr., 60.

It is urged by appellants that under the will· of the deceased the property went to his executors, in whom the legal title was vested, and not to his heirs, and for that reason no title·vested in them which could be mortgaged or made the subject of sale under foreclosure proceedings. Without determining this question, we only need to say that if such be the case, the appellants are not prejudiced, and, therefore, have no ground for complaint. *Pinkham v. Pinkham,* 61 Nebr., 336.

It is also argued that appellee bank, being a national bank, is prohibited from taking real estate as security for a concurrent loan, and we are cited to the Revised Statutes of the United States, section 5137, in support of the same. The rule regarding such transactions, as we understand it, is, first, that the parties thereto can not be heard to deny the right of the bank to enforce the provisions of the mortgage (*State Nat. Bank v. Flathers,* 12 So.˜Rep. [La.], 243), and that the violation of the statute mentioned is a matter purely for the United States government; and where security on a contemporaneous loan has been taken, the same may be enforced, notwithstanding the provisions of the statute cited. *National Bank v. Matthews,* 98 U. S., 621; *National Bank v. Whitney,* 103 U. S., 99; *Swope v. Leffingwell,* 105 U. S., 3.

A plea in abatement of prior suits pending in York and Hamilton counties on the same cause of action was interposed, and the action of the trial court in proceeding to trial irrespective of the proof of the pendency of

such actions is urged as a ground of reversal. We find, however, in the record a stipulation of the parties, wherein it is provided that the suits pending, to which reference has been made, shall rest in abeyance during the pendency and until final disposition of the action in Clay county, and thereupon the same judgments and decrees should be rendered in these suits as might be rendered on such trial in Clay county. This stipulation is clearly a waiver of any right to file a plea in abatement, and the action of the trial court in proceeding with the trial, according to the agreement of the parties under the stipulation mentioned, was entirely proper. No error was committed by the trial court with respect to the plea of abatement.

The decree of the district court should be affirmed, which is accordingly done.

                                        AFFIRMED.